■ In the Matter of the Estate of WILLIAM G. PARK, Deceased. RAYMOND P. R. NEILSON, III, Appellant; FIRST NATIONAL CITY TRUST COMPANY, as Trustee, et al., Respondents.— In a proceeding to judicially settle a testamentary trustee's account of a trust for the benefit of the testator's daughter Mary Park Neilson, and to construe paragraph "Seventh" of the will as it relates to said trust, Raymond P. R. Neilson III, who is an adopted child of the deceased son of said Mary Park Neilson, appeals from so much of a decree of the Surrogate's Court, Nassau County, entered October 17, 1963 upon the court's decision, as excluded the said adopted child from participation in the distribution of the principal of such trust on the ground that there was no intention, express or implied, in the testator's will to include an adopted child within the term "issue" as used in said paragraph "Seventh." Decree, insofar as appealed from, affirmed, with costs to all parties filing briefs, payable out of the estate. The central issue on this appeal is whether an adopted child may share in the distribution of the principal of a trust created under a will which provided in part that, upon the death of the income beneficiary (i.e., the adopted child's grandmother), the principal shall be distributed to her "issue * * * her surviving." The law is firmly established that, absent any evidence to the contrary in the instrument itself or in the properly considered extraneous facts, "issue" shall mean only those who are related to the named ancestor by blood and shall exclude from participation an adopted child (*Matter of Ricks*, 12 A D 2d 395, affd. 10 N Y 2d 231; see, also, *Matter of Upjohn*, 304 N. Y. 366). The will under review was executed in 1908 and was admitted to probate in 1909; there is no such requisite evidence in the instrument itself; nor do any extraneous facts support an exception in this case to the operation of the general rule that "issue" shall mean only those related by blood. It may be that the recent amendment to section 117 of the Domestic Relations Law, if it could be invoked in the construction of this will, would have afforded the appellant some support for his contention. The third paragraph of the first subdivision of that section provides that the "foster parents * * * and the foster child shall sustain toward each other the legal relation of parent and child * * * including the rights of inheritance from and through each other". This amendment, however, may not be utilized, since by its terms it is specifically declared to be prospective and to be applicable "to the estates or wills of persons dying on or after the time this section takes effect," namely, March 1, 1964. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of WINFRED L. PHILLIPS, Appellant, v. MILTON LIPSON, as Commissioner of Accounts of the County of Nassau, Respondent.— In a proceeding to vacate a subpœna (*ad testificandum*), the petitioner appeals from an order of the Supreme Court, Nassau County, dated December 11, 1963, which denied his application. Order affirmed, without costs. The examination of the petitioner shall proceed on 10 days' written notice or on such date and at such place as the parties may mutually fix by written stipulation. The power of the Commissioner of Accounts of the County of Nassau to issue subpœnas is not limited to the issuance of subpœnas duces tecum (*Matter of Lipson* v. *Martling*, 20 A D 2d 714; cf. CPLR 2302, 2308). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ. concur.